IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GILBERTO GUERRA
ADC #123482                                                                                          PETITIONER

5:16-CV-0057-DPM-JTK

WENDY KELLEY, *Director,*
Arkansas Department of Correction                                                    RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

### Procedural History

Petitioner, Gilberto Guerra, is an inmate at the Arkansas Department of Correction serving a life sentence plus thirty (30) years for attempted first degree murder, two counts of rape, kidnapping, residential burglary, terroristic threatening, two counts of second degree battery, third degree battery, and violation of a protective order. (Doc. No. 2 at 2) Petitioner entered an unconditional plea of guilty in the Circuit Court of Benton County on August 28, 2002. On February 24, 2016, Petitioner filed a petition for writ of habeas corpus claiming he was denied his right to appeal; denied due process of law; denied counsel; that his guilty plea was coerced; that he was "misled" and "deceived"; there was insufficient evidence to support his

conviction; his sentence was excessive; and that he was denied the ability to prove his incompetency. (Doc. No. 2)

On April 14, 2016, Respondent filed her Response to Petition for Writ of Habeas Corpus. (Doc. No. 16)  In it, she argues the Petitioner's petition should be denied because his claims are time barred and procedurally defaulted.  *Id.*  Petitioner filed his Reply to Respondent's response on April 27, 2016, claiming he was never advised of his "right to appeal" within the one-year statute of limitations, and therefore, his lack of knowledge entitles him to equitable tolling of the statute of limitations.  (Doc. No. 18)

## Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment.  28 U.S.C.A. 2244(d)(1).  The statute starts running from the date on which the judgment became final.  *Id.*  In this case, the Petitioner's Judgment and Commitment Order was filed on September 6, 2002. (Doc. No. 16 at Ex. 2) Therefore, the Petitioner had through October 6, 2002, to timely file his application.  *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (holding the AEDPA's one-year limitation period begins to run from the date on which the thirty-day period in which to file an appeal expires, even for a criminal defendant who enters an unconditional guilty plea and generally has no right to appeal such plea).[1]

Petitioner admits his petition was filed beyond the statute of limitations but alleges he is entitled to statutory tolling of his claim because he had no knowledge of his habeas rights until

---

[1] In his Reply, the Petitioner alleges his counsel never followed through on his direct appeal and furthermore never advised him of his rights to appeal. (Doc. No. 18 at 3) Petitioner, however, was fully informed of the rights he was waiving at his plea hearing, including the right to a direct appeal, by entering an unconditional plea of guilty. (Doc. No. 16.2 at 6-7) Furthermore, Petitioner acknowledged that he understood the rights he was giving up by entering his guilty plea. *Id.* at 7.

the filing of this petition. (Doc. No. 18 at 3) The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C.A. 2244(d) only if he can show "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner claims his lack of legal knowledge and alleged mental incompetency at the time of his guilty plea entitles him to equitable tolling; however, this Court disagrees. Equitable tolling has been held inappropriate even in the case of an unrepresented petitioner alleging a lack of legal knowledge or legal resources, and therefore, tolling is certainly even less appropriate where the petitioner was represented by counsel. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). *See also*, *Collins v. Scurr*, 230 F.3d 1362, 2000 WL 1341544 at *1 (8th Cir. 2000) (mere allegations alone of mental incompetence at the time of the guilty plea not adequate to justify equitable tolling). The Court, therefore, finds equitable tolling of the one-year statute of limitations in section 2244(d)(1) is not appropriate in this case.

In addition to making a timely filing, a petitioner is required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir.1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart,* 948 F.2d 450, 452 (8th Cir.1991) (quoting *Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991)).

Here, the Petitioner did not present his federal claims to the state courts of Arkansas in "a timely and procedurally correct manner"; in fact, this habeas petition is the first time he has raised his claims in any court of law since his conviction in 2002. The Petitioner's claims are, therefore, procedurally defaulted. Furthermore, this Court finds the Petitioner has not demonstrated any cause for his default which would excuse the procedural default.

Conclusion

Petitioner's claims are time barred and procedurally defaulted, and therefore, his petition should be denied. Accordingly for the reasons set forth above, it is recommended that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice. All pending motions in this case are hereby DENIED.

SO ORDERED this 20th day of June, 2016.

_____
United States Magistrate Judge