IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GILBERTO GUERRA
ADC #123482                                                                              PETITIONER

v.                               No. 5:16-cv-57-DPM

WENDY KELLEY, Director, ADC                                             RESPONDENT

ORDER

**1.** Motions, № 19, 24, & 29, denied. A request to dismiss on procedural grounds isn't the same as a substantive answer. Rules 4 & 5 of the Rules Governing § 2254 Cases, and Advisory Committee Notes.

**2.** On *de novo* review, the Court adopts the recommendation, № 25, as modified and overrules Guerra's objections, № 30–31. FED. R. CIV. P. 72(b)(3).

**3.** The modifications. First, Guerra's *habeas* petition was due by 6 October 2003 — not 2002. № 25 at 3; *Camacho v. Hobbs*, 774 F.3d 931, 934–35 (8th Cir. 2015). Nonetheless, his petition was still almost thirteen years late.

Second, the recommendation's language echoing *Kreutzer* might give the impression that Guerra has counsel. № 25 at 4. He doesn't. But Magistrate Judge Kearney's conclusion still holds: Guerra hasn't shown extraordinary circumstances warranting equitable tolling. *E.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015–16 (8th Cir. 2003).

Third, Guerra suggests he's actually innocent. № 2 at 103–08; № 31 at 6–7. But he falls far short of making the showing required to bypass the statute of limitations or excuse his procedural default. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *House v. Bell*, 547 U.S. 518, 536–39 (2006).

Fourth, Guerra's successful § 1983 case in the Western District of Arkansas, № 29 at 27–37, established that he was beaten, and placed in the restraint chair for several hours on three occasions, while he was a pretrial detainee in the Benton County Detention Center. Those constitutional violations, though, don't undermine the limitations and default bars that prevent this Court from considering his *habeas* petition on the merits.

4. Guerra's claims are time-barred and procedurally defaulted. His petition, № 2, will therefore be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 August 2016